IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-23,090-09




EX PARTE LARRY HILL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 0464745D IN THE 372ND DISTRICT COURT
FROM TARRANT COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
on a jailer and sentenced to twenty-five years’ imprisonment. The Second Court of Appeals affirmed
his conviction. Hill v. State, No. 02-94-00013-CR (Tex. App.–Fort Worth 1994, no pet.). 
            Applicant contends that he was not granted a parole interview, that the judgment should not
have included a deadly weapon finding, that trial counsel was ineffective, and that the trial court
erred in ordering his sentence to run consecutively with another sentence. 
            This is the third application challenging this conviction. Under Article 11.07, § 4 of the Code
of Criminal Procedure, we may not review the merits of Applicant’s claims unless he establishes that
the factual or legal bases of his claims were not previously available or that “by a preponderance of
the evidence, but for a violation of the United States Constitution no rational juror could have found
the applicant guilty beyond a reasonable doubt.” Tex. Code Crim. Proc. art. 11.07, § 4(a)(1)(2); 
Ex parte Brooks, 219 S.W.3d 396, 401 (Tex. Crim. App. 2007). Because the factual basis of
Applicant’s first claim was not available when he filed his previous application, we will review it
on the merits. Inmates in Texas do not have a liberty interest in being released to parole that is
protected by the Due Process Clause. Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000);
Johnson v. Rodriguez, 110 F.3d 299, 305 (5th Cir. 1997). This claim is denied. Applicant’s
remaining claims are dismissed. Tex. Code Crim. Proc. art. 11.07, § 4. Accordingly, this
application is denied in part and dismissed in part. 
 
Filed: December 8, 2010
Do not publish